**William O'DELL, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 02–CV–6195L.**

United States District Court, W.D. New York.

Aug. 20, 2004.

mination of the Commissioner of Social Security ("the Commissioner"), Jo Anne B. Barnhart, that plaintiff William O'Dell ("plaintiff" or "O'Dell") is not disabled under the Social Security Act and, therefore, is not entitled to disability insurance benefits. The Commissioner determined that plaintiff had the residual functional capacity to perform other work in the national economy and, therefore, was not entitled to disability benefits. Both plaintiff and the Commissioner have moved for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c).

Plaintiff worked as an electrician for about nine years prior to the onset of his disability in 1996. Plaintiff claimed that he was disabled and unable to work because of carpal tunnel syndrome on his right forearm, right ulnar neuropathy, and tendinitis on his right shoulder. Plaintiff was denied benefits initially and, on reconsideration, requested a hearing before an Administrative Law Judge ("ALJ"). That hearing was held before Administrative Law Judge Franklin T. Russell who denied plaintiff's application for disability insurance benefits. (T. 50–62).[1]

Plaintiff sought review by the Appeals Council and submitted additional vocational evidence in support of that application. The ALJ's decision became the final decision of the Commissioner when, on March 29, 2002, the Appeals Council denied plaintiff's request for review. (T. 5–6). The principal issue before the ALJ, and before this Court on review, is whether plaintiff, although suffering from a disability that precludes him from performing his past relevant work, still retains the residual functional capacity to perform other work in the national economy.

The Social Security Act provides for the payment of disability insurance benefits,

William J. McDonald, Jr., Bond and McDonald, Geneva, NY, for Plaintiff.

Christopher V. Taffe, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final deter-

---

1. "T." signifies the transcript of the administrative record.

assuming plaintiff meets the insured status requirements (which is not disputed in this case), and demonstrates an inability to engage in *any* substantial gainful activity by reason of a physical or mental impairment which can be expected to last for at least twelve months. 42 U.S.C. § 423(c). Germane to this appeal, Section 423(d)(2)(A) of the Act also provides that an individual will be determined to be under a disability

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

The Social Security Administration's regulations provide a five-step process by which the Commissioner is required to evaluate each claim for disability insurance benefits. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir.2002); 20 C.F.R. § 404.1520 (2002). In this case, the ALJ and the Commissioner followed that process, and the parties only dispute the ALJ's determination at the fifth step, that plaintiff did have the functional capacity to perform other work. The other four steps are not in dispute.

The ALJ, for the purpose of his decision, assumed that plaintiff had not performed substantial employment; that he did have a severe impairment, but that it was not one that conclusively established entitlement to disability insurance benefits; and that he lacked the capability of performing his past relevant work. The record before me supports those findings.

## RESIDUAL FUNCTIONAL CAPACITY TO PERFORM OTHER WORK

■ The plaintiff challenges the Commissioner's decision that he could perform other work in several respects. Under well-established authority, the Commissioner's decision that a plaintiff was not entitled to benefits must be affirmed if the correct legal standards are applied and if that finding is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," the reviewing district court must not substitute its own judgment for that of the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Although the plaintiff bears the burden otherwise, at the fifth and final stage of the analysis, the burden shifts to the Commissioner to prove that plaintiff is capable of performing other work that exists in the national economy. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir.1998); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir.1996).

■ I believe that the Commissioner met her burden of establishing that plaintiff had the residual functional capacity to perform other work. Therefore, the final decision of the Commissioner denying plaintiff disability insurance benefits must be affirmed.

■ Plaintiff claims that the ALJ failed to give the opinions of plaintiff's treating physicians proper deference. The medical opinion of a claimant's treating physician must be given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence. *Shaw v. Chater*, 221 F.3d at 134; 20 C.F.R. § 404.1527(d)(2).

Plaintiff claims that the ALJ erred in failing to accord the opinion of the treating physician with the appropriate weight. Plaintiff now claims that his treating physician, A. Byron Collins, found plaintiff

"not employable and thus totally disabled." Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, p. 16 (hereinafter "plaintiff's memorandum"). In summarizing the evidence, plaintiff also asserts in plaintiff's memorandum, at p. 4, that Dr. Collins made the same findings. Page 297 of the transcript is referenced.

A review of the record demonstrates that plaintiff mischaracterizes what Dr. Collins actually reported and the circumstances of that report. First of all, it must be noted that in his summary of the reports of the various doctors, plaintiff omitted a significant phrase from the report referenced at plaintiff's memorandum, p. 4, concerning the December 12, 1996 notation of Dr. Collins. Although Collins does report that O'Dell was "non-employable and totally disabled," counsel neglected to include the phrase "at the present time" as part of his argument here. That omission is significant, and I think that the ALJ picked up on it too. What counsel references are merely Dr. Collins' office notes that were attached to a Worker's Compensation Board form. This report by Dr. Collins was submitted prior to O'Dell's surgery and was made in the context of a Worker's Compensation dispute. In fact, Dr. Collins specifically references this Worker's Compensation dispute as to whether the injury is a compensable injury and which of several insurance companies was obligated to pay. The other reports referenced by plaintiff in plaintiff's memorandum failed to address O'Dell's ability to perform other work in the national economy.

I do not believe that this is a situation where the ALJ has substituted his own opinion for that of a treating physician. In context, it is clear that Dr. Collins was rendering an opinion about plaintiff's condition, prior to surgery, and it is also clear that his reference was to plaintiff's inability to perform his past work.

In view of the context in which Dr. Collins made his comments, it was not unreasonable in this case for the ALJ to determine that the other medical evidence from Dr. Phillip VanPelt, who performed a medical exam at the request of the Worker's Compensation carrier, Dr. John Halpenny who performed the same task, as well as Dr. Wesley Canfield, who performed a consultative exam for the Commissioner, outweighs Dr. Collins' opinion. The evidence from those three medical sources indicated that although plaintiff did not have the capacity to perform his past relevant work, he was able to perform other work and was not totally disabled.

In this case, the ALJ's decision is not inconsistent with the findings of those physicians concerning his impairment. It is clear that plaintiff had a long work history, most recently as an electrician. He suffered an impairment, but one limited to his right shoulder and right forearm. (T. 271–72). Dr. John Halpenny, noted that plaintiff had a temporary, partial disability with respect to his right forearm and that he could not perform his regular job. (T. 266). Eventually, plaintiff had surgery in August 1997 for this matter and after his operation, he suffered pain in the medial aspect of the right elbow with ulnar nerve neuropathy, but Dr. Halpenny noted that the disability was limited to his right shoulder and right forearm. (T. 271). Dr. Halpenny also noted that, although plaintiff could not perform repetitive work that involved the right forearm and shoulder, he could perform modified work and his left arm was unaffected. It is clear that Dr. Halpenny's description of plaintiff's infirmities related to the work that he was presently performing.

The reports of two consulting physicians, Dr. VanPelt and Dr. Canfield, con-

firmed plaintiff's limited disability. Dr. VanPelt described plaintiff's condition as a temporary, moderate partial disability but noted, that he could perform light duty with no repetitive use of his right arm. (T. 248–249). Dr. Canfield saw plaintiff in August of 1998, and he described his condition as being limited in the ability to repetitively use his right upper extremity, especially over his head. (T. 282). He also noted, however, that plaintiff could do sedentary work, although keyboard operations could be problematic. (T. 282).

These medical reports certainly support what is not contested here, that plaintiff could not perform his past work. Plaintiff, though, suggests that the medical evidence supports his view that he is totally disabled and unable to perform any other work. I concur with the ALJ that the fair reading of the evidence does not support this conclusion. The medical evidence in the record simply does not support plaintiff's contention that he is precluded from performing any work. The impairment focused on a very specific area, plaintiff's right upper extremity and no other.

Plaintiff also challenges the ALJ's decision that in spite of plaintiff's impairment, he could perform other work. I am not persuaded and believe that the Commissioner has met her burden in this regard. I believe that the ALJ properly considered all the relevant facts in determining whether plaintiff, a younger worker at age 43, could perform other work. Although the ALJ did reference the Medical–Vocational Rule 202.22, the so-called Grids, he did not rely exclusively on them because he determined that plaintiff had certain non-exertional limitations which required testimony from a vocational expert. After considering all of the evidence, the ALJ determined that plaintiff had the capacity to perform light work and that he had transferable skills from his former skilled job. The ALJ elicited testimony from a vocational expert to determine whether plaintiff was precluded from performing light or sedentary work because of his impairment and the non-exertional limitation that he could not perform repetitive work.

On this appeal, plaintiff challenges the hypotheticals that the ALJ submitted to the vocational expert. The hypotheticals are set forth in the record at 231–34. Plaintiff's counsel questioned the vocational expert at the hearing before the ALJ (T. 107–33), but the record is silent as to any objection that counsel had to the hypotheticals posed to the vocational expert. I believe that the hypotheticals posed were accurate and that there was full development of the record with the vocational expert before the ALJ. Based on the testimony, there is certainly substantial evidence to support the ALJ's decision that there was work in the national economy that someone afflicted, like plaintiff, could perform.

The ALJ found that, based on the testimony, there was a significant number of jobs in the national economy that plaintiff could perform in spite of his right, upper extremity impairment. The vocational expert testimony established a significant number of jobs, including surveillance system monitor, gate guard, and hardware sales person that could be performed by someone with plaintiff's medical condition and skills.

The ALJ properly considered plaintiff's daily activities, including his ability to attend classes, in evaluating the ability of plaintiff to perform work. I believe that there is substantial evidence to support the ALJ's determination that plaintiff's condition did not preclude his performing work as described by the vocational expert and the ALJ.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt.# 7) is denied and defendant's motion for judgment (Dkt.# 5) is granted. The Commissioner's decision that plaintiff is not disabled is affirmed, pursuant to 42 U.S.C. § 405(g) and the complaint is dismissed.

IT IS SO ORDERED.